Glenn BENNER, II, Petitioner–Appellant,

v.

Ralph COYLE, Warden, Respondent–Appellee.

No. 99–3570.

United States Court of Appeals, Sixth Circuit.

Feb. 11, 2002.

Before SUHRHEINRICH, DAUGHTREY, and COLE, Circuit Judges.

ORDER GRANTING WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY.

Petitioner Glenn Benner moves this Court for a Certificate of Appealability on eight issues. He raises the following issues. First, Benner claims that the Ohio courts violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution by weighing an unconstitutionally vague aggravating circumstance. Second, he contends that the sentencing judges violated his rights under the Eighth and Fourteenth Amendments by weighing non-statutorily prescribed aggravating factors. Third, he maintains that he was deprived of his right to a unanimous determination of his guilt under the Due Process Clause by an alternative statement of the aggravating factors in the capital specifications of the indictment. Fourth, he argues that he

was denied his right to the effective assistance of counsel under the Sixth Amendment and his right to the assistance of experts under the Due Process Clause when his defense counsel failed to present expert testimony from a criminalist and pathologist to examine the blood and semen evidence. Fifth, he claims that he was denied his rights under the Fourth Amendment by searches and seizures of evidence at his residences that exceeded the scope of the authorizing warrant. Sixth, he maintains that he was denied his liberty interest under the Due Process Clause by the Ohio Supreme Court's refusal to review life sentences imposed in similar cases as part of the statutorily mandated proportionality review. Seventh, he contends that his rights under the Sixth and Fourteenth Amendments were infringed by the ineffective assistance of appellate counsel on his direct appeal. Eighth, Benner argues that application of the AEDPA to his case is impermissibly retroactive.

After a thorough review of these issues, we have determined that a Certificate of Appealability be GRANTED as to issue four dealing with the failure of Benner's trial counsel to call an expert witness to assess the blood and semen evidence. Benner's Motion for a Certificate of Appealability as to the remaining issues is DENIED.

Further, having reviewed the briefs of the parties in this matter, we also GRANT a Writ of Habeas Corpus to Petitioner as to issue four dealing with the failure of trial counsel to call an expert witness regarding the blood and semen evidence. The Writ is limited only to the death phase of these proceedings and not to the guilt or innocence of Defendant. To that end, we REMAND this matter to the district court for further proceedings in which the parties may present evidence and argument on the blood and semen involved in this case as it relates to the death penalty. The district court may appoint its own special master, if the district court determines such is necessary, to resolve this issue.

Finally, if the district court finds that Petitioner's showing on this issue is meritorious and warrants relief from the death penalty, then the district court may grant limited relief to the extent of directing the state court to vacate Petitioner's capital sentence and impose a sentence of life in prison.